ISHEE, J.,
for the Court:
¶ 1. In April 2009, Benjamin Russell was killed after experiencing an automobile accident in Attala County. The Attala County Fire Department responded to the accident. As the fire department vehicle *1086 arrived on the scene, it accidentally struck Russell’s body, which was lying in the road. Russell was later pronounced dead. Russell’s wrongful-death beneficiaries filed suit against Attala County through its Board of Supervisors. The Attala County Circuit Court later granted the county’s motion for summary judgment. The beneficiaries appeal. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. On April 13, 2009, just after midnight, Russell was driving down Highway 43 South, a two-lane, unlit road near Mc-Adams, Mississippi, when he was involved in a one-vehicle automobile accident. Following the accident, Russell called his family to inform them of the accident. The record indicates Russell then collapsed in the middle of the road approximately forty feet from the wrecked vehicle.
¶ 3. Nearby neighbors heard the accident occur and mistakenly reported a two-vehicle accident to the Attala County authorities. The fire department responded to the call. Mark Fisher drove the fire department’s fire truck, with Nicolas Cox and Patrick Mitchell accompanying him. Fisher testified to traveling at speeds of around sixty-five miles per hour with his emergency lights and siren activated and the fire truck’s high-beam headlights on.
¶ 4. As the firemen neared the accident scene, they observed the headlights of Russell’s wrecked vehicle approximately a quarter of a mile to the right of the road. Fisher slowed the fire truck to begin looking for the second reported vehicle and any victims. Fisher testified that in his experience as an emergency responder, victims ejected from a vehicle during an accident are no more than twenty feet from a crash site. However, approximately forty feet from the crash site, Cox suddenly noticed Russell’s body in the road lying eight to ten feet directly in front of the fire truck. Fisher swerved the fire truck and initially believed that he had missed the body. Russell’s body was later taken to nearby facilities, and he was pronounced dead on arrival. An autopsy report showed Russell’s cause of death was accidental blunt force trauma to the head, chest, abdomen, and extremities.
¶ 5. The beneficiaries filed a wrongful-death suit against the county in the circuit court. Since the county is a governmental entity, the case fell under the Mississippi Tort Claims Act (MTCA). The county filed a motion for summary judgment claiming its actions did not rise to the level of reckless disregard necessary to surmount the governmental immunity provided to it under MTCA. The circuit court agreed and granted summary judgment. The beneficiaries now appeal on the ground that the circuit court erred in its determination that the county did not act in reckless disregard. Finding no error, we affirm.
DISCUSSION
¶ 6. We analyze a circuit court’s grant or dismissal of a motion for summary judgment under a de novo standard of review. Trustmark Nat’l Bank v. Meador, 81 So.3d 1112, 1116 (¶ 9) (Miss.2012) (citation omitted). A motion for summary judgment must be granted under Mississippi Rule of Civil Procedure 56(c) if “the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Here, the county asserted in its motion that summary judgment was proper because no material facts existed to eliminate the governmental *1087 immunity provided to the county by the MTCA.
¶ 7. The MTCA states the following:
(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
[[Image here]]
(c) [a]rising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of the injury....
Miss.Code Ann. § 11-46-9(1)(c) (Rev. 2012). It is undisputed that Fisher was a governmental employee acting within the course and scope of his employment with the county at the time of the incident. He was engaged in the performance of activities related to fire protection when he struck Russell’s body. As such, the pivotal question is whether Fisher acted “in reckless disregard of the safety and well-being of’ Russell at the time in question.
¶ 8. The Mississippi Supreme Court has held that reckless disregard under the MTCA “embraces willful and wanton conduct which requires knowingly or intentionally doing a thing or wrongful act.” Rayner v. Pennington, 25 So.3d 305, 308-09 (¶ 11) (Miss.2010) (citation omitted). “Reckless disregard usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow.” Id. (citation omitted).
¶ 9. In the ease at hand, the record reflects that Fisher drove with the fire truck’s emergency lights and sirens on and with the truck’s high-beam headlights activated. Furthermore, deposition testimony from the firemen in the vehicle showed that Fisher began slowing down significantly when the men saw the headlights of Russell’s vehicle on the side of the road. Fisher testified he was “continually slowing down ... with continuing braking” upon seeing Russell’s vehicle, and was traveling between thirty-five and forty miles per hour at the time Fisher first saw Russell’s body approximately eight to ten feet in front of the fire truck. Fisher stated:
We seen the headlights, like I said, off to the right — ... and we — it’s not where you would expect to see headlights at. So we assumed that that’s where the accident was, so I started decreasing my speed and pulled up to the scene. And that’s when Cox had said, “There [a body] is.” And like I said, I pulled the vehicle into the eastbound lane and — to get around the body and then got back into the westbound lane and proceeded up a little bit further to see where possibly there may be another vehicle that was supposed to be involved in it.
With regard to his attempt to avoid hitting Russell’s body, Fisher said: “I was applying the brakes, and I, basically, went into a defensive drive.... I mean, I just know I pushed — hit the brakes as hard as I could and cut it to the left to try to avoid.”
¶ 10. When asked whether he thought he had actually hit the body, Fisher replied: “It’s possible. I mean, like I say, anything is possible, but, at that particular time, no, I believed I didn’t.” Moreover, Fisher testified that, in his experience, automobile-accident victims were usually only ejected an average of twenty feet from the crashed vehicle’s location. Specifically, Fisher stated:
[Bodies are] usually around the vehicle, close by the vehicle. I mean, they’re not normally standing — laying—sorry—in the road.... [I]t’s usually about — it *1088 won’t travel that far. In cases I’ve seen, it[ Jhasn’t been more than 20 feet.... I mean, usually, if they’re going to get ejected, they have to go either through a window, hit something, and it’s going to break their momentum. I mean, it’s not a straight shot.
As such, upon seeing Russell’s crashed vehicle in the distance away from the road, Fisher slowed the fire truck to begin looking for any victims and the second reported vehicle. But Fisher had no reason to believe Russell’s body would be lying in the middle of the road and at such a great distance from his vehicle.
¶ 11. Fisher acted in conformity with an emergency responder taking the necessary precautions in attending to an emergency scene. He was traveling between twenty and twenty-five miles per hour below the posted speed limit and slowing the fire truck by continually braking immediately prior to spotting Russell’s body. Furthermore, the position of Russell’s body in the middle of the road and at such a great distance from his vehicle could not have been anticipated by the firemen. Fisher practiced adequate evasive maneuvers in an attempt to avoid the body and did not believe he hit the body at the time. Fisher still cannot say with certainty whether or not he hit the body. We cannot find that Fisher acted recklessly, evincing “almost a willingness that harm should follow.” Rayner, 25 So.3d at 309 (¶ 11). Accordingly, we affirm the judgment of the circuit court.
¶ 12. THE JUDGMENT OF THE AT-TALA COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
GRIFFIS, P.J., BARNES, ROBERTS AND FAIR, JJ„ CONCUR. IRVING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., CARLTON AND RUSSELL, JJ. MAXWELL, J., NOT PARTICIPATING.